# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOGATION CORP.,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION; ZTE (USA), INC.,<br><br>Defendants. | Consolidated Case No.: 16-cv-01901-H-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>[Doc. No. 60.] |
| INFOGATION CORP.,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION; HTC AMERICA, INC.,<br><br>Defendants. | Consolidated Case No.: 16-cv-01902-H-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>[Doc. No. 70.] |

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE USA, INC., <br><br> Defendants. | Consolidated Case No.: 16-cv-01903-H-JLB <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY PENDING *INTER PARTES* REVIEW** <br><br> [Doc. No. 66.] |

On April 17, 2017, Defendants ZTE (USA), Inc.,[1] HTC,[2] and Huawei,[3] each filed a motion to stay the action pending inter partes review of U.S. Patent No. 6,292,743. (16-cv-1901-Doc. No. 60; 16-cv-1902-Doc. No. 70; 16-cv-1903-Doc. No. 66.) On May 8, 2017, Plaintiff InfoGation Corp. filed its oppositions to Defendants' motions to stay. (16-cv-1901-Doc. No. 70; 16-cv-1902-Doc. No. 80; 16-cv-1903-Doc. No. 76.) On May 15, 2017, Defendants filed their replies. (16-cv-1901-Doc. No. 75; 16-cv-1902-Doc. No. 85; 16-cv-1903-Doc. No. 81.) A hearing on the motions to stay is currently scheduled for Monday, May 22, 2017 at 10:30 a.m. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court denies Defendants' motions to stay without prejudice.

///

///

///

---

[1] Defendant ZTE Corporation was dismissed from the action on October 11, 2016. (16-cv-1901-Doc. No. 21.)

[2] Defendant "HTC" includes HTC Corporation and HTC America, Inc.

[3] Defendant "Huawei" includes Huawei Technologies Co., Ltd. and Huawei Device USA, Inc.

**Background**

On July 27, 2016, Plaintiff InfoGation Corp. filed three separate complaints for patent infringement against Defendants ZTE, HTC, and Huawei, alleging infringement of the '743 patent. (16-cv-1901-Doc. No. 1; 16-cv-1902-Doc. No. 1; 16-cv-1903-Doc. No. 1.) Specifically, Plaintiff alleges that Defendants' smartphones, which run the Android operating system and can connect to a Google Maps navigation server through a wireless carrier's network data, infringe, either literally or through the doctrine of equivalents, claim 15 of the '743 patent. (Id.)

On November 1, 2016, Defendants each filed an answer and counterclaims to Plaintiff's complaint. (16-cv-1901-Doc. No. 22; 16-cv-1902-Doc. No. 21; 16-cv-1903-Doc. No. 22.) On November 22, 2016, the Court issued a scheduling order for the three actions setting forth all dates leading up to trial. (16-cv-1901-Doc. No. 31; 16-cv-1902-Doc. No. 39; 16-cv-1903-Doc. No. 31.)

On February 10, 2017, non-party Google Inc. filed a petition for *inter partes* review with the U.S. Patent Trial and Appeal Board, challenging the validity of claim 15 of the '743 patent on obviousness grounds. (16-cv-1901-Doc. No. 60-4, Davis Decl. Ex. B.) On March 27, 2017, the Court denied Defendants' Rule 12(c) motions for judgment on the pleadings challenging the validity of Claim 15 of the '743 patent under 35 U.S.C. § 101. (16-cv-1901-Doc. No. 52; 16-cv-1902-Doc. No. 63; 16-cv-1903-Doc. No. 59.)

On March 30, 2017, Plaintiff filed three separate complaints for patent infringement against Defendants ZTE, HTC, and Huawei, alleging infringement of U.S. Patent No. 9,528,843. (17-cv-645-Doc. No. 1; 17-cv-646-Doc. No. 1; 17-cv-647-Doc No. 1.) On April 14, 2017, Plaintiff filed a first amended complaint in each of the '843 patent actions. (17-cv-645-Doc. No. 7; 17-cv-646-Doc. No. 8; 17-cv-647-Doc No. 7.)

On May 5, 2017, the Court issued a claim construction order, construing terms from the '743 patent. (16-cv-1901-Doc. No. 68; 16-cv-1902-Doc. No. 78; 16-cv-1903-

Doc. No. 74.) On May 9, 2017, the Court consolidated Case No. 17-cv-645 with Case No. 16-cv-1901; Case No. 17-cv-646 with Case No. 16-cv-1902; and Case No. 17-cv-647 with Case No. 16-cv-1903, and the Court issued an amended scheduling order for the consolidated actions. (16-cv-1901-Doc. No. 71; 16-cv-1902-Doc. No. 81; 16-cv-1903-Doc. No. 77.) By the present motions, Defendants move to stay the actions pending resolution of Google's IPR petition challenging the validity of the '743 patent.[4] (16-cv-1901-Doc. No. 60; 16-cv-1902-Doc. No. 70; 16-cv-1903-Doc. No. 66.)

## Discussion

**I.  Legal Standards for a Motion to Stay Pending IPR**

"Courts have [the] inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "There is no per se rule that patent cases should be stayed pending reexamination, because such a rule would invite parties to unilaterally derail litigation." Verinata Health, Inc. v. Ariosa Diagnostics, Inc., No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014); see Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations."). Instead, the decision to grant a stay is within the court's discretion, taking into account the totality of the circumstances. See Ethicon, 849 F.2d at 1426-27.

In determining whether to grant a stay pending PTO review, district courts generally consider the following three factors: "'(1) whether discovery is complete and whether a

---

[4]  The parties have filed nearly identical briefing for the motions to stay across the three cases. (See, e.g., 16-cv-1901-Doc. No. 60-1; 16-cv-1902-Doc. No. 70-1; 16-cv-1903-Doc. No. 66-1.) Accordingly, in analyzing Defendants' motions to stay, the Court will cite to the briefing in Case No. 16-cv-1901 unless otherwise noted.

4

trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" TAS Energy, Inc. v. San Diego Gas & Elec. Co., No. 12CV2777-GPC BGS, 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014); accord Verinata, 2014 WL 121640, at *1; cf. The Leahy-Smith America Invents Act, § 18(b)(1), P.L. 112-29, 125 Stat. 284, 331 (setting out the same factors and adding a fourth to determine whether to stay litigation pending PTO review of covered business method patents). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

## II. Analysis

After considering all of the relevant factors and the record, the Court declines to stay the actions at this stage in the proceedings. Importantly, here, non-party Google has merely filed an IPR petition with the PTAB challenging the validity of the '743 patent. The PTAB has not yet taken action on the petition and decided whether to institute *inter partes* review of the '743 patent and likely will not make a decision on the petition for several months. (See Doc. No. 60-1 at 1 (explaining that the PTAB does not need to render a decision on the petition until September 11, 2017).) In light of this, a stay of the consolidated actions is not appropriate at this time. Indeed, the majority of district courts "have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review."[5] Trover Grp., Inc. v. Dedicated Micros USA, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (collecting cases); see also DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp., No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("Until the PTAB makes a

---

[5] That the PTAB has not yet acted on Google's petition renders the present motions for a stay pending IPR easily distinguishable from the motion for a stay that was at issue in the Court's prior decision in FastVDO v. AT&T Mobility LLC, 16-cv-385-H-WVG, Doc. No. 269 (S.D. Cal. Jan. 23, 2017).

5

decision on whether to grant the IPR petition, any argument about whether the IPR process will simplify issues in this litigation is highly speculative. . . . [Thus,] [a]bsent unusual circumstances, . . . the filing of an IPR request does not by itself simplify the issues in a case.").

Additionally, the Court notes that even if the PTAB grants Google's IPR petition and institutes *inter partes* review of the '743 patent, the IPR does not have the potential to resolve the entire litigation. Following the Court's consolidation order, the '843 patent is also now at issue in the three actions. The '843 patent is not at issue in Google's IPR petition and, thus, Google's petition does not have the potential to resolve the issues in the litigation with respect to that patent.[6] Accordingly, the Court denies Defendants' motions to stay.

## Conclusion

For the reasons above, the Court denies Defendants' motions to stay without prejudice to Defendants renewing the motions to stay if the PTAB grants the petition(s) and institutes *inter partes* review of the patent(s)-in-suit.

**IT IS SO ORDERED.**

DATED: May 16, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[6] The Court notes that Defendants state that they intend to file an IPR petition challenging the validity of all of the asserted claims of the '843 patent. (Doc. No. 75 at 1.) Nevertheless, that petition has not been filed at this time.